UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JILLIAN RHODES,** : | |
| *Plaintiff,* : | |
| : | C.A. No.: **3:26-cv-251** |
| **LOCKHEED MARTIN CORPORATION** : **AND SIKORSKY AIRCRAFT CORPORATION,** : | |
| *Defendants.* : | **FEBRUARY 19, 2026** |

## COMPLAINT

1. This action arises out of employment discrimination based upon hostile working environment and retaliation in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and Connecticut General Statute § 46a-60 *et seq* ("CTFEPA").

2. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 *et seq.*, and supplemental jurisdiction over the State law claim pursuant to 28 U.S.C. § 1367 *et seq.*

3. Venue of this action lies in the District of Connecticut pursuant to 28 U.S.C. § 1391 *et seq*.

## PARTIES

4. Plaintiff, Jillian Rhodes (hereinafter "Plaintiff"), is a resident of the State of Connecticut.

5. Defendant, Lockheed Martin Corporation, is an employer pursuant to 42 U.S.C. § 2000e(b) and Connecticut General Statute § 46a-51(10).

6. Defendant, Sikorsky Aircraft Corporation, is an employer pursuant to 42 U.S.C. §

1

Case 3:26-cv-00251-VDO   Document 1   Filed 02/19/26   Page 2 of 16

2000e(b) and Connecticut General Statute § 46a-51(10).

7. Defendant Sikorsky is a wholly owned division and/or subsidiary of Defendant Lockheed.

8. Defendants' Lockheed and Sikorsky are dual employers of Plaintiff.

9. Defendants' Lockheed and Sikorsky shall from time to time be referred to collectively as "Defendants."

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On or about March 5, 2025, Plaintiff filed Charges of Discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the U.S. Equal Employment Opportunity Commission ("EEOC") based upon race, color and gender discrimination, hostile working environment and retaliation for opposition to discriminatory and harassing practices against Defendants.

11. The CHRO and the EEOC issued Releases of Jurisdiction as to Plaintiff's Charges.

12. This action has commenced within ninety (90) days from the date of the Releases of Jurisdiction.

**COUNT I: TITLE VII (Hostile Working Environment– As to Both Defendants)**

13. Plaintiff identifies as a Caucasian female with a white complexion.

14. In or about January 2022, Defendants hired Plaintiff as an upholsterer.

15. At all times relevant to this Complaint, Defendants assigned Plaintiff to work at a facility located in the Town of Stratford, Connecticut (hereinafter the "Facility").

16. At all times relevant to this Complaint, Defendants assigned Plaintiff to work in the Upholstery Department at the Facility.

17. At all times relevant to this Complaint, Defendants assigned Plaintiff to work the first shift at the Facility.

18. That from the time of her hire until her termination on or about July 15, 2024, Plaintiff performed her job duties and responsibilities in at least a satisfactory manner.

19. At all times relevant to this Complaint, Defendants employed Ms. Vicky Martinez ("Ms. Martinez").

20. Upon information and belief, Ms. Martinez is a Hispanic female with a dark complexion.

21. Upon information and belief, Defendants assigned Ms. Martinez to work at the same Facility as Plaintiff.

22. Upon information and belief, Defendants assigned Ms. Martinez to work in the Receiving and Inspection Department of the Facility.

23. Upon information and belief, Defendants assigned Ms. Martinez to work the first shift at the Facility.

24. At all times relevant to these Charges, Defendants employed Ms. Nicole Gouveia ("Ms. Gouveia").

25. Upon information and belief, Ms. Gouveia is a Caucasian female.

26. Upon information and belief, Defendants assigned Ms. Gouveia to work at the same Facility as Plaintiff.

27. Upon information and belief, Defendants assigned Ms. Gouveia to work in the Receiving and Inspection Department of the Facility.

28. Upon information and belief, Defendants assigned Ms. Gouveia to work the first shift at the Facility.

29. Typically, Plaintiff was not required to interact with Ms. Martinez or Ms. Gouveia during the work day for job-related reasons.

30. Beginning in approximately July 2023, Ms. Martinez and Ms. Gouveia began treating Plaintiff in an offensive, intimidating, threatening and aggressive manner because of her race, color and gender which materially altered the terms and conditions of her employment.

31. The offensive treatment includes, but is not limited to, the following.

32. On at least on occasion, Ms. Martinez referred to Plaintiff as the "white girl" and a "white bitch."

33. Ms. Martinez would frequently position herself extremely close to Plaintiff's body for the sole purpose of intimidation and bullying her.

34. Ms. Martinez frequently called Plaintiff "stupid."

35. Ms. Martinez frequently called Plaintiff a "fucking bitch."

36. Ms. Martinez frequently glared and stared at Plaintiff so as to intimidate her.

37. Ms. Martinez frequently yelled and screamed at Plaintiff for no reason other than to make Plaintiff fear for her safety.

38. Ms. Martinez frequently displayed to Plaintiff an obscene gesture.

39. Ms. Martinez called Plaintiff a "fucking skank."

40. Ms. Martinez routinely followed Plaintiff into the restroom for the sole purpose of intimidation and placing Plaintiff in fear of her safety.

41. Ms. Gouveia frequently called Plaintiff a "fucking bitch."

42. Ms. Gouveia would frequently yell at Plaintiff.

43. On one occasion while Plaintiff was using a stall in the restroom, Ms. Gouveia came close to the door from the outside and stared at Plaintiff through the space between the door and the wall attached to the stall.

44. Ms. Gouveia would get very close to Plaintiff, invading her personal space for the sole purpose of intimidation.

45. Plaintiff complained about Ms. Martinez and Ms. Gouveia's inappropriate and offensive conduct to Defendants' Human Resources Department. For example, Plaintiff complained via e-mail directly to Ms. Danielle Desrosiers, Defendants Human Resources Business Partner ("Ms. Desrosiers") on at least two separate occasions: February 14, 2024; and April 4, 2024.

46. Despite her complaints, Defendants took no prompt, effective remedial measures to address or stop Ms. Martinez or Ms. Gouveia's offensive, harassing and discriminatory conduct.

47. Thereafter, the offensive conduct escalated to the point of violence when, on July 3, 2024, Ms. Martinez physically assaulted Plaintiff at the Facility.

48. On July 15, 2024, in retaliation for her prior complaints, and despite the fact that Ms. Martinez was the ultimate aggressor in the July 3, 2024 incident, Defendants terminated Plaintiff's employment.

49. Defendants also terminated Ms. Martinez. However, upon information and belief, Defendants have subsequently re-hired Ms. Martinez with no restrictions on her movement throughout the Facility.

50. Defendants offered to rehire Plaintiff. However, Defendants conditions of re-employment were restrictive and unjust. Further, despite that which is set above, Defendants offered Plaintiff no assurance that it would protect her from Ms. Martinez in the future or

otherwise offer her anything that would certify her safety in the workplace. As a result, Plaintiff was forced to reject Defendants offer of re-employment.

51. Plaintiff was subjected to inappropriate and offensive conduct by Ms. Martinez and/or Ms. Gouveia because of, in part or in whole, Plaintiff's race.

52. Plaintiff did not welcome the conduct to which she was subjected by Ms. Martinez or Gouveia.

53. The offensive and inappropriate conduct by Ms. Martinez and Ms. Gouveia created a hostile working environment which altered the terms and conditions of Plaintiff's employment.

54. As stated *supra*, Plaintiff complained about Ms. Martinez and Ms. Gouveia's inappropriate and offensive conduct to Defendant's Human Resources Department.

55. As stated *supra*, despite her complaints, Defendants took no prompt, effective remedial measures to address or stop Ms. Martinez or Ms. Gouveia's offensive, harassing and discriminatory conduct.

56. By failing to take prompt effective remedial measures to stop the above-referenced conduct, Plaintiff was forced to continue working in a hostile working environment.

57. Defendants' failure take prompt effective remedial measures to stop the above-referenced conduct is in violation of Title VII of the Civil Rights Act.

58. Plaintiff has suffered as a direct and proximate result of Defendants' intentional conduct.

**COUNT II: TITLE VII (Hostile Working Environment– As to Both Defendants)**

59. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

60. Plaintiff was subjected to inappropriate and offensive conduct by Ms. Martinez and/or Ms. Gouveia because of, in part or in whole, Plaintiff's skin color.

61. Plaintiff did not welcome the conduct to which she was subjected by Ms. Martinez or Gouveia.

62. The offensive and inappropriate conduct by Ms. Martinez and Ms. Gouveia created a hostile working environment which altered the terms and conditions of Plaintiff's employment.

63. As stated *supra*, Plaintiff complained about Ms. Martinez and Ms. Gouveia's inappropriate and offensive conduct to Defendant's Human Resources Department.

64. As stated *supra*, despite her complaints, Defendants took no prompt, effective remedial measures to address or stop Ms. Martinez or Ms. Gouveia's offensive, harassing and discriminatory conduct.

65. By failing to take prompt effective remedial measures to stop the above-referenced conduct, Plaintiff was forced to continue working in a hostile working environment.

66. Defendants' failure take prompt effective remedial measures to stop the above-referenced conduct is in violation of Title VII of the Civil Rights Act.

67. Plaintiff has suffered as a direct and proximate result of Defendants' intentional conduct.

**COUNT III: TITLE VII (Hostile Working Environment– As to Both Defendants)**

68. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

69. Plaintiff was subjected to inappropriate and offensive conduct by Ms. Martinez and/or Ms. Gouveia because of, in part or in whole, Plaintiff's gender.

70. Plaintiff did not welcome the conduct to which she was subjected by Ms. Martinez or Gouveia.

71. The offensive and inappropriate conduct by Ms. Martinez and Ms. Gouveia created a hostile working environment which altered the terms and conditions of Plaintiff's employment.

72. As stated *supra*, Plaintiff complained about Ms. Martinez and Ms. Gouveia's inappropriate and offensive conduct to Defendant's Human Resources Department.

73. As stated *supra*, despite her complaints, Defendants took no prompt, effective remedial measures to address or stop Ms. Martinez or Ms. Gouveia's offensive, harassing and discriminatory conduct.

74. By failing to take prompt effective remedial measures to stop the above-referenced conduct, Plaintiff was forced to continue working in a hostile working environment.

75. Defendants' failure take prompt effective remedial measures to stop the above-referenced conduct is in violation of Title VII of the Civil Rights Act.

76. Plaintiff has suffered as a direct and proximate result of Defendants' intentional conduct.

**COUNT IV: TITLE VII (Retaliation – As to Both Defendants)**

77. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

78. As stated *supra*, Plaintiff complained about Ms. Martinez and Ms. Gouveia's harassing and offensive conduct to Defendants' Human Resources Department by, among other things, complaining directly to Ms. Desrosiers.

79. Despite her complaints, Defendants took no prompt, effective remedial measures to address or stop Ms. Martinez or Ms. Gouveia's offensive, harassing and discriminatory conduct.

80. Thereafter, the offensive conduct escalated to the point of violence when, on July 3, 2024, Ms. Martinez physically assaulted Plaintiff outside of the restroom.

81. On July 15, 2024, in retaliation for her prior complaints, and despite the fact that Ms. Martinez was the ultimate aggressor in the July 3, 2024 incident, Defendants terminated Plaintiff's employment.

82. Defendants' decision to terminate Plaintiff was made shortly after her complaints about Ms. Martinez's and Ms. Gouveia's inappropriate and offensive conduct.

83. Defendants' decision to terminate Plaintiff was formed, in part or in whole, by Plaintiff lodging complaints of harassment and discrimination with Defendants' Human Resources.

84. Defendants' decision to terminate Plaintiff was formed, in whole or in part, by an intent to retaliate against Plaintiff for lodging her complaints with Defendants' Human Resources Department.

85. As such, Defendants' decision to terminate violates Title VII of the Civil Rights Act in that it is, in part or in total, retaliatory for Plaintiff exercising her legal right to complain about discrimination and harassment in the workplace.

86. Plaintiff has been harmed as a direct and proximate result of Defendants' intentional actions.

**COUNT V: CTFEPA (Hostile Working Environment– As to Both Defendants)**

87. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

88. Plaintiff was subjected to inappropriate and offensive conduct by Ms. Martinez and/or Ms. Gouveia because of, in part or in whole, Plaintiff's race.

89. Plaintiff did not welcome the conduct to which she was subjected by Ms. Martinez or Gouveia.

90. The offensive and inappropriate conduct by Ms. Martinez and Ms. Gouveia created a hostile working environment which altered the terms and conditions of Plaintiff's employment.

91. As stated *supra*, Plaintiff complained about Ms. Martinez and Ms. Gouveia's inappropriate and offensive conduct to Defendant's Human Resources Department.

92. As stated *supra*, despite her complaints, Defendants took no prompt, effective remedial measures to address or stop Ms. Martinez or Ms. Gouveia's offensive, harassing and discriminatory conduct.

93. By failing to take prompt effective remedial measures to stop the above-referenced conduct, Plaintiff was forced to continue working in a hostile working environment.

94. Defendants' failure take prompt effective remedial measures to stop the above-referenced conduct is in violation of the CTFEPA.

95. Plaintiff has suffered as a direct and proximate result of Defendants' intentional conduct.

**COUNT VI: CTFEPA (Hostile Working Environment– As to Both Defendants)**

96. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

97. Plaintiff was subjected to inappropriate and offensive conduct by Ms. Martinez and/or Ms. Gouveia because of, in part or in whole, Plaintiff's skin color.

98. Plaintiff did not welcome the conduct to which she was subjected by Ms. Martinez or Gouveia.

99. The offensive and inappropriate conduct by Ms. Martinez and Ms. Gouveia created a hostile working environment which altered the terms and conditions of Plaintiff's employment.

100. As stated *supra*, Plaintiff complained about Ms. Martinez and Ms. Gouveia's inappropriate and offensive conduct to Defendant's Human Resources Department.

101. As stated *supra*, despite her complaints, Defendants took no prompt, effective remedial measures to address or stop Ms. Martinez or Ms. Gouveia's offensive, harassing and discriminatory conduct.

102. By failing to take prompt effective remedial measures to stop the above-referenced conduct, Plaintiff was forced to continue working in a hostile working environment.

103. Defendants' failure take prompt effective remedial measures to stop the above-referenced conduct is in violation of the CTFEPA.

104. Plaintiff has suffered as a direct and proximate result of Defendants' intentional conduct.

**COUNT VII: CTFEPA (Hostile Working Environment – As to Both Defendants)**

105. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

106. Plaintiff was subjected to inappropriate and offensive conduct by Ms. Martinez and/or Ms. Gouveia because of, in part or in whole, Plaintiff's gender.

107. Plaintiff did not welcome the conduct to which she was subjected by Ms. Martinez or Gouveia.

108. The offensive and inappropriate conduct by Ms. Martinez and Ms. Gouveia created a hostile working environment which altered the terms and conditions of Plaintiff's employment.

109. As stated *supra*, Plaintiff complained about Ms. Martinez and Ms. Gouveia's inappropriate and offensive conduct to Defendant's Human Resources Department.

110. As stated *supra*, despite her complaints, Defendants took no prompt, effective remedial measures to address or stop Ms. Martinez or Ms. Gouveia's offensive, harassing and discriminatory conduct.

111. By failing to take prompt effective remedial measures to stop the above-referenced conduct, Plaintiff was forced to continue working in a hostile working environment.

112. Defendants' failure take prompt effective remedial measures to stop the above-referenced conduct is in violation of the CTFEPA.

113. Plaintiff has suffered as a direct and proximate result of Defendants' intentional conduct.

**COUNT VIII: CTFEPA (Retaliation – As to Both Defendants)**

114. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

115. As stated *supra*, Plaintiff complained about Ms. Martinez and Ms. Gouveia's harassing and offensive conduct to Defendants' Human Resources Department by, among other things, complaining directly to Ms. Desrosiers.

116. Despite her complaints, Defendants took no prompt, effective remedial measures to address or stop Ms. Martinez or Ms. Gouveia's offensive, harassing and discriminatory conduct.

117. Thereafter, the offensive conduct escalated to the point of violence when, on July 3, 2024, Ms. Martinez physically assaulted Plaintiff at the Facility.

118. On July 15, 2024, in retaliation for her prior complaints, and despite the fact that Ms. Martinez was the ultimate aggressor in the July 3, 2024 incident, Defendants terminated Plaintiff's employment.

119. Defendants' decision to terminate Plaintiff was made shortly after her complaints about Ms. Martinez's and Ms. Gouveia's inappropriate and offensive conduct.

120. Defendants' decision to terminate Plaintiff was formed, in part or in whole, by Plaintiff lodging complaints for harassment and discrimination with Defendants' Human Resources.

121. Defendants' decision to terminate Plaintiff was formed, in whole or in part, by an intent to retaliate against Plaintiff for lodging her complaints with Defendants' Human Resources Department.

122. As such, Defendants' decision to terminate violates the CTFEPA in that is, in part or in total, retaliatory for Plaintiff exercising her legal right to complain about discrimination and harassment in the workplace.

123. Plaintiff has been harmed as a direct and proximate result of Defendants' intentional actions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

(1) declare that the actions complained of in this Complaint are unlawful;

(2) order the Defendants to make Plaintiff whole;

(3) order that the Defendants pay Plaintiff's compensatory damages;

(4) order that the Defendants pay Plaintiff pre-judgment and post-judgment interest

(5) retain jurisdiction of this action to ensure full compliance;

(6) order any and all other equitable relief sought in this Complaint;

(7) order the Defendants to pay Plaintiff's costs, expenses and reasonable attorney's fees, including said costs, expenses and reasonable attorney's fees accrued during the original actions presented to the CHRO and the EEOC; and

(8) grant such other legal or equitable relief to Plaintiff as the Court deems just and proper.

Respectfully submitted by,
Plaintiff,
By and through her attorney,

*/s/  Daniel T. Angelone*
Daniel T. Angelone (# CT29307)
Angelone Law Offices, L.L.C.
799 Silver Lane
2nd Floor
Trumbull, CT  06611
203-378-2979
203-375-5003 (fax)
daniel@angelonelaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| **JILLIAN RHODES,** : | |
| : | |
| *Plaintiff,* : | |
| : | C.A. No.: **3:26-cv-251** |
| v. : | |
| : | |
| **LOCKHEED MARTIN CORPORATION** : | |
| **AND SIKORSKY AIRCRAFT** : | |
| **CORPORATION,** : | |
| *Defendants.* : | |
| : | **FEBRUARY 19, 2026** |

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

                                              Respectfully submitted by,
                                              Plaintiff,
                                              By and through her attorney,

                                              */s/  Daniel T. Angelone*
                                              Daniel T. Angelone (# CT29307)
                                              Angelone Law Offices, L.L.C.
                                              799 Silver Lane
                                              2nd Floor
                                              Trumbull, CT  06611
                                              203-378-2979
                                              203-375-5003 (fax)
                                              daniel@angelonelaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JILLIAN RHODES,** | : |
| *Plaintiff,* | : |
| | : C.A. No.: **3:26-cv-251** |
| v. | : |
| **LOCKHEED MARTIN CORPORATION** | : |
| **AND SIKORSKY AIRCRAFT** | : |
| **CORPORATION,** | : |
| *Defendants.* | : |
| | : **FEBRUARY 19, 2026** |

**JURISDICTIONAL AMOUNT SUFFICIENT**

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

            Respectfully submitted by,
            Plaintiff,
            By and through her attorney,


            */s/  Daniel T. Angelone*
            Daniel T. Angelone (# CT29307)
            Angelone Law Offices, L.L.C.
            799 Silver Lane
            2nd Floor
            Trumbull, CT  06611
            203-378-2979
            203-375-5003 (fax)
            daniel@angelonelaw.com